1  MICHELE BECKWITH
   Acting United States Attorney
2  ZULKAR KHAN
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2700
   Facsimile:  (916) 554-2900
5
   Attorneys for Plaintiff
6  United States of America

**FILED**

**Feb 19, 2025**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

7

8              IN THE UNITED STATES DISTRICT COURT

9                 EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,          CASE NO.   2:25-cr-0041 DAD

12                 Plaintiff,
                                      18 U.S.C. § 1343 – Wire Fraud
13              v.

14  ANGELA BROWN,

15                 Defendant.

16

17                      I N F O R M A T I O N

18  The Acting United States Attorney charges: T H A T

19                      ANGELA BROWN,

20  defendant herein, as follows:

21              I.      INTRODUCTION

22      At all relevant times,

23      1.      ANGELA BROWN was a resident of Sacramento, California.  From in or around May

24  2023, through in or about April 2024, BROWN was employed at Company-1 and was responsible for

25  payroll duties at the company.

26      2.      Company-1 is a commercial construction business located in Sacramento California, in

27  the state and Eastern District of California.  Company-1 uses a payroll processing company ("Payroll

28  Company"), located in Oklahoma City, Oklahoma.

INFORMATION                          1

II.    SCHEME TO DEFRAUD

3.    Beginning no later than October 2023, and continuing until in or around April 2024, in the County of Sacramento, State and Eastern District of California, and elsewhere, BROWN knowingly devised, intended to devise, and participated in, with the intent to defraud, a material scheme and artifice to defraud, and to obtain money by means of materially false and fraudulent pretenses, representations, promises, half-truths, omissions, and the concealment of material facts.

4.    The purpose of the scheme and artifice to defraud was to obtain, convert, and spend money belonging to Company-1, without the authorization and knowledge of the companies' owners, for unauthorized personal purposes that did not benefit Company-1.

III.    MANNER AND MEANS

In furtherance of the fraud, BROWN employed the following manner and means, among others:

5.    BROWN worked in the office of Company-1 and was in charge of payroll duties.  By virtue of her position, she had unsupervised access to Company-1's payroll accounts and personnel information.  BROWN did not have authority to authorize the payment or transfer of money, however.

6.    BROWN used her position and access to Company-1 payroll accounts and personnel information to obtain Company-1's money directly and indirectly for her own personal benefit, in the following ways, among others:

      a.  Starting in August 2023, BROWN opened a series of bank accounts at various banks.

      b.  Starting in October 2023, BROWN made unauthorized edits to the payroll records maintained by Payroll Company, adding former temporary employees of Company-1 back on Company-1's payroll and listing bank accounts controlled by her as the former temporary employees' bank accounts, causing Company-1 to issue direct deposit payments for the former employees but to BROWN's bank accounts.

7.    BROWN caused wire transfers amounting to $172.960.83 of Company 1's money to herself and disguised them by making them look like they were authorized payroll payments.

8.    In furtherance of the scheme, BROWN made materially false statements, representations, and half-truths about Company-1's payroll records.

9.      Also, in furtherance of the scheme, BROWN omitted material information and concealed material facts from Company-1 about these fraudulent transactions, including, but not limited to, concealing the destination of funds that went into her own personal bank accounts rather than to an authorized employee; and omitting material information in Company-1's payroll records.  BROWN had a duty to disclose this information because she was a fiduciary of, and entered into a trust relationship with, Company-1.

IV.    INTERSTATE WIRE COMMUNICATIONS

10.     On or about the date set forth below, in the State and Eastern District of California, and elsewhere, for the purposes of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, BROWN knowingly transmitted and caused to be transmitted by means of wire communications in interstate commerce the following writing, sign, and signal:

| Count | Approximate Date | Wire Description |
|-------|------------------|------------------|
| One | November 7, 2023 | $2,066.40 wire transfer from Company-1's bank account to Piermont Bank account ending 5512 that BROWN controlled |

All in violation of Title 18, United States Code, and 1343.

Dated:  February 19, 2025

MICHELE BECKWITH
Acting United States Attorney

By:  /s/ ZULKAR KHAN
ZULKAR KHAN
Assistant United States Attorney

INFORMATION

3

**United States v. Angela Brown**
**Penalties for Information**

## COUNT 1:

VIOLATION:        18 U.S.C. § 1343 – Wire Fraud

PENALTIES:        Up to 20 years of imprisonment, or fine up to $250,000, or both;
                  Up to 3 years of supervised release;
                  Restitution

SPECIAL ASSESSMENT: $100 (mandatory on each count)